IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. |
| v. | } } } | COMPLAINT |
| STEVENS TRANSPORT, INC. | } } } | JURY TRIAL DEMANDED |
| Defendant. | } } } | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Brian Brown ("Charging Party"), who was adversely affected by such practices. As alleged with greater particularity in paragraph 15 below, the Equal Employment Opportunity Commission ("the Commission") alleges that Stevens Transport, Inc. ("Defendant") discriminated against Brian Brown in violation of the Americans with Disabilities Act, as amended, by failing or refusing to hire him because of his disability, Bipolar Disorder.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to  Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Stevens Transport, Inc. has continuously been doing business in the State of Texas and the City of Dallas, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Brian Brown filed a charge with the Commission alleging violations of the ADA.

8. On July 27, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On October 6, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. At all relevant times Brian Brown has been a qualified individual with a disability, Bipolar Disorder, and is covered by Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. Charging Party's disability, when active, substantially limits him in the major life activities of interacting with others, thinking, concentrating, and caring for himself.

14. Since at least March 2015, Defendant has engaged in an unlawful employment practice at its Dallas, Texas location, in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. The unlawful practice was to discriminate against Brian Brown by failing or refusing to hire him because of his disability, Bipolar Disorder.

15. In early March 2015, Mr. Brown traveled to Defendant's headquarters in Dallas to complete the application process for commercial truck driver. Part of this stage of the application was a DOT physical exam. Mr. Brown attended Defendant's orientation, submitted to a drug test,

underwent a physical exam that consisted of vision and hearing tests, and completed a medical questionnaire that required him to provide past and current medical information. The Defendant instructed Mr. Brown to meet with a physician at the medical clinic with whom Defendant contracted at the time. The contracted physician reviewed Mr. Brown's medical questionnaire and reported that pursuant to Stevens Transport's company policy, he was disqualified from further consideration for hire because of the medications Mr. Brown was taking for treatment of his Bipolar Disorder.  Mr. Brown offered the physician a note from his medical provider indicating his fitness to work as a truck driver while on his prescribed medications and with his medical diagnosis, but the physician rejected consideration of the note, again asserting the Defendant's policy.  Mr. Brown was informed that in order to be considered for hire he would need to stop taking the medications altogether and then come back for reconsideration. The medical consultation notes of the physician performing the screening for Defendant stated that Mr. Brown's medications disqualified him from employment "per company policy."  Defendant accepted the physician's recommendation and did not suggest or require a more individualized examination of Mr. Brown, nor did anyone from the company instruct the physician to take into consideration the medical documentation that Mr. Brown had attempted to submit to that physician. As a result of these discriminatory acts and omissions, Defendant failed or refused to hire Mr. Brown.

16. The unlawful employment practices complained of in paragraph 15 above were intentional.

17. The unlawful employment practices complained of in paragraph 15 above were done with malice or with reckless indifference to the federally protected rights of Brian Brown.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from basing any employment decision on an employee's disability status.

B.  Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order the Defendant to make whole Brian Brown, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu thereof.

D.  Order the Defendant to make Brian Brown whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 15 above, including but not limited to job search expenses.

E.  Order the Defendant to make Brian Brown whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 15 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order the Defendant to pay Brian Brown punitive damages for its malicious and reckless conduct described in paragraph 15 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES LEE
    Deputy General Counsel

    GWENDOLYN Y. REAMS
    Associate General Counsel

    ROBERT A. CANINO
    Regional Attorney
    Oklahoma State Bar No. 011782

    SUZANNE M. ANDERSON
    Supervisory Trial Attorney
    Texas State Bar No. 14009470

    /s/ Meaghan L. Shepard
    MEAGHAN L. SHEPARD
    Trial Attorney
    Maryland Bar (No nos. assigned)

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Dallas District Office
    207 Houston, 3rd Floor
    Dallas, Texas 75202
    (TEL)  (214) 253-2746
    (FAX) (214) 253-2749