## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                       )      **CIVIL ACTION NO.**
                    **Plaintiff,** )
                                         )      3:16-CV-03325-M
**v.** )
                                         )
STEVENS TRANSPORT, INC. )
                                         )
                 **Defendant.** )

### CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between Plaintiff, United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and Defendant, Stevens Transport, Inc. ("Stevens" or "Defendant"). This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 3:16-CV-03325-M. EEOC initiated its lawsuit under Title I of the American with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct perceived unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Brian Brown, who may have been adversely affected by such practices. More specifically, Plaintiff EEOC filed this lawsuit alleging that the Defendant failed or refused to hire Mr. Brown, a qualified individual with a disability, because of his disability.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1.      This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. EEOC's Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2.      This Consent Decree resolves all issues raised in EEOC's Complaint. Plaintiff waives further litigation of all issues raised in its Complaint. EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

3.      During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from any employment practice that discriminates on the basis of disability with respect to recruitment, reasonable accommodation, hiring, termination, or any other employment action, and Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the Americans with Disabilities Act of 1990, as amended, or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

4.      The duration of this Consent Decree shall be three (3) years from its effective date. The effective date of this Consent Decree will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree, and may enter such other and further relief as it deems appropriate to ensure

2

implementation and enforcement of the provisions of this Consent Decree in accordance with the following:

a. If the EEOC has reason to believe that Defendant has not complied with any term or provision of this Decree, it shall provide written notice of the alleged non-compliance within thirty (30) days following the discovery of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Violation"). The Notice of Alleged Violation shall include the Section(s) and Paragraph(s) of this Agreement alleged to be violated and a statement of the specific facts and circumstances relied upon as the basis of the EEOC's claim of non-compliance.

b. Defendant shall have thirty (30) days from receipt of the Notice of Alleged Violation to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendant.

c. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Agreement with respect to the alleged violation in the United States District Court.

If the alleged violation is not cured after the above-detailed notice process, the three-year term of this Agreement will be tolled as of the date the violation occurred for the period of time it takes for the matter to be resolved by the court.

5. Defendant agrees to pay to Brian Brown the full and final sum of $54,000 in compromise and satisfaction of all claims. The parties agree that $8,000 is designated as lost wages and Defendant will issue a W-2 to Mr. Brown for that amount. A 1099 shall be issued for the remainder. Payment shall be mailed directly to Brian Brown at the address provided to Defendant by the EEOC.

A copy of the settlement check and any accompanying transmittal documents will be forwarded to the EEOC to the attention of Meaghan Shepard, EEOC, 207 S. Houston Street, Third Floor, Dallas, TX 75202.

6.    The payments referenced in paragraph 5 shall be made within 30 days after the effective date of this Consent Decree.  Defendant agrees to report to the EEOC within 30 days of entry of this Consent Decree regarding its compliance with this paragraph.

7.    Defendant shall post the notice attached to this Consent Decree as "Exhibit A" regarding its policy against disability discrimination, and its duty to accommodate applicants and employees.  A copy of Exhibit A shall be displayed on all bulletin boards at all Stevens Transport facilities where notices to employees are posted in the ordinary course of business. The notice shall be posted within ten (10) days of the effective date of this Consent Decree, and shall remain posted for the duration of this Consent Decree.

8.    For each year that the Consent Decree is in effect, Defendant agrees to conduct an annual training session for all employees (management and non-management) advising them of the requirements and prohibitions of the Americans with Disabilities Act of 1990, as amended (ADA), as well as the company's procedure for reporting complaints of discrimination.  The training of recruiting department employees, including but not limited to the Stevens Transport designated representative identified in Paragraph 9 below, will also include a specific discussion relating to the factors to be considered in making an individualized assessment of applicants with a disability and the steps to be taken as a part of that assessment. All employees will be paid their normal rate of pay, and the training will occur during their normally scheduled workdays and work hours.  Defendant will bear all costs associated with these training sessions. Defendant agrees to notify vendor(s), in writing, with whom it contracts to administer medical examinations of (1) its expectations for individualized assessments of applicants, (2) the fact that Defendant does not automatically disqualify applicants based on their use of certain medications that are not *per se* disqualifying under the DOT's regulations (i.e., the drugs listed in 21 CFR 1308.11

4

(391.42(b)(12)) or any other substance such as amphetamine, a narcotic, or any other habit forming drug), and (3) the fact that Defendant does not employ an exclusionary policy to any employee or applicant because of that person's history of having psychiatric condition or current treatment for or diagnosis of a psychiatric condition.

The training shall be at least one (1) hour in duration and will be mandatory at the company's Texas Headquarters in Dallas, Texas. New employees will receive this training within the first sixty (60) days of their date of hire.

9.      Defendant shall not automatically disqualify applicants based on their use of certain medications that are not *per se* disqualifying under the DOT's regulations (i.e., the drugs listed in 21 CFR 1308.11 (391.42(b)(12)) or any other substance such as amphetamine, a narcotic, or any other habit forming drug). Each applicant shall be assessed on an individualized basis, and that assessment shall include consideration of any medical documentation submitted by the applicant's treating physician or psychiatrist (for mental disorders). As part of that individualized assessment, the medical examiner shall refer to the FMCSA Expert Panel Reports for guidance. Notwithstanding the above, the DOT certified medical examiner shall make the final determination on qualification to safely operate a commercial motor vehicle including while taking certain medications.

Defendant also agrees that it shall not employ an exclusionary policy to any employee or applicant because of that person's history of having psychiatric condition or current treatment for or diagnosis of a psychiatric condition. The company will apply the same individualized assessment to these applicants/employees as specified above.

In the event that an applicant or employee is disqualified due to having a psychiatric condition or current treatment or diagnosis of a psychiatric condition, Stevens Transport shall

offer the applicant or employee written notice of the opportunity to seek a review of the individualized assessment process used to make that determination provided that the applicant or employee shall waive and release any rights under HIPAA so that the applicant's or employee's medical information may be released to Stevens Transport. Upon being provided the employee or applicant's file, Stevens Transport's designated representative shall review and determine whether the examining physician conducted an individualized assessment as required by the Americans with Disabilities Act. The examining physician should refer to the FMCSR and the FMCSA Expert Panel Reports for guidance. If the examining physician did not do so, then Stevens Transport shall return the employee or applicant to the examining physician to conduct the individualized assessment. If the examining physician conducted an individualized assessment of the employee or applicant, then the disqualification will stand.

Defendant shall comply within sixty (60) days of the effective date of this Consent Decree. Defendant shall certify in writing to the EEOC within fifteen (15) days of revising these policies that the requirements of this Paragraph have been met.

10.     At least 30 days prior to the date scheduled for the training described in paragraph 8, Defendant shall furnish to EEOC a written report describing the training, identifying the instructor(s), and describing all instructors' qualifications to conduct the training. Within thirty days of the training described in paragraph 8, Defendant will send the EEOC a written verification that the training was completed.

11.     All persons attending the training described in paragraph 8 shall acknowledge their attendance at that training by signing an attendance form. Defendant shall maintain attendance rosters for each year that the Consent Decree is in effect and provide copies of said rosters to the EEOC annually.

6

12.    Defendant will, within thirty days of the effective date of this Consent Decree, send a written report to the EEOC confirming that Exhibit "A" was posted in compliance with this Consent Decree.

13.    Plaintiff EEOC shall have the right to ensure compliance with the terms of this Consent Decree, and may (a) conduct inspections of Defendant's facilities; (b) interview Defendant's employees; and, (c) examine and copy relevant documents.

14.    If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

a.    Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

b.    Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

15.    All reports to the EEOC required by this Consent Decree shall be sent to Meaghan Shepard, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

16.    The terms of this Consent Decree shall be binding upon the EEOC and upon the Defendant, its agents, officers, employees, servants, successors, and assigns.

17.    Neither the EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The

7

EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

18.     Each party shall bear its own costs, including attorneys' fees incurred in this action.

AGREED AS TO FORM AND SUBSTANCE:

FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

JAMES LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

MEAGHAN L. KUELBS
Sr. Trial Attorney
Texas Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (214) 253-2746
(FAX) (214) 253-2749

FOR THE DEFENDANT STEVENS TRANSPORT, INC.

Carrie B. Hoffman
State Bar No. 00787707

GARDERE WYNNE SEWELL LLP
2021 McKinney Ave., Ste. 1600
Dallas, Texas 75201
Tel No. 214.999.3000
Fax No. 214.999.4667

9

SO ORDERED.

Signed this ___14___ day of ___December___, 2017.

_____

HON. BARBARA M.G. LYNN
CHIEF JUDGE

10

# Attachment A

## AMERICANS WITH DISABILITIES ACT

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over) or disability, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee who files a charge of discrimination, or who cooperates with the government's investigation of a charge.

An employer cannot discriminate against qualified applicants and employees on the basis of disability. Under the Americans With Disabilities Act, an individual with a disability is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

| | |
|---|---|
| * application | * promotion |
| * testing | * medical examinations |
| * hiring | * layoff/recall |
| * assignments | * termination |
| * evaluation | * compensation |
| * disciplinary actions | * leave |

Stevens Transport affirms that the company will not apply an exclusionary policy to employees or applicants taking a class of certain prescription medications and will not discriminate against any employee or applicant for employment by virtue of having a history of psychiatric disability or being treated for a psychiatric disability. Additionally, Stevens Transport strongly supports and will comply with such Federal law and will make a reasonable individualized assessment of the individual's present ability to safely perform the essential functions of the job. That assessment must be made considering a reasonable medical judgment relying on the most current medical knowledge and/or the best available objective evidence.

An employee has the right, and is encouraged to exercise that right to report allegations of discrimination in the workplace. An employee may do so by notifying the Director of Human Resources at (972) 216-9000 (ext. 1315). Employees who do not wish to go to the Director of Human Resources may instead report to any supervisor or manager. Supervisors and managers who are informed of a complaint or allegation of discrimination must immediately notify the Director of Human Resources. An employee, either alternatively or in addition to reporting such an allegation to Stevens Transport officials, may contact the Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 207 South Houston Street, Third Floor, Dallas, Texas 75202; (214) 253-2700.

Any report of discrimination will be thoroughly investigated, with appropriate disciplinary action, up to and including termination, be taken against any person(s) found to have engaged in such conduct.

THIS NOTICE WILL REMAIN POSTED FOR A PERIOD OF THREE (3) YEARS AND NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL.

_____                    _____
Date                               William F. Tallent, CPCU, ARM, ALCM
                                   Vice President Risk Management